J-S41027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| TAHIJ A. JOHNSON | : | |
| Appellant | : | No. 193 MDA 2019 |

Appeal from the PCRA Order Entered January 4, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000899-2013

BEFORE:   LAZARUS, J., MURRAY, J., and STRASSBURGER*, J.

MEMORANDUM BY MURRAY, J.:                    **FILED JULY 31, 2019**

Tahij A. Johnson (Appellant) appeals from the order denying as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  In this appeal, Appellant's court-appointed counsel (PCRA Appellate Counsel) filed a petition to withdraw as counsel and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).   Because we conclude that PCRA Appellate Counsel fulfilled the procedural requirements of **Turner/Finley**, and his petition is untimely, we affirm the PCRA court's order denying Appellant's PCRA petition and grant PCRA Appellate Counsel's petition to withdraw.

On April 9, 2014, a jury found Appellant guilty of aggravated assault, simple assault, and resisting arrest.  On May 9, 2014, the trial court sentenced Appellant to 7 to 14 years of incarceration, followed by 2 years of probation.

_____
* Retired Senior Judge assigned to the Superior Court.

On May 19, 2014, Appellant filed post-sentence motions, which the trial court denied on May 29, 2014. Appellant timely appealed to this Court.

On September 8, 2015, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Johnson*, 1334 MDA 2014 (Pa. Super. Sept. 8, 2015) (unpublished memorandum). Approximately 19 months later, on April 11, 2017, Appellant filed a "Petition For Leave To File Petition For Allowance Of Appeal Nunc Pro Tunc[,]" which the Supreme Court denied on June 22, 2017.

On September 17, 2018, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel and on December 3, 2018, Appellant's counsel filed a motion to withdraw as counsel and a no-merit letter pursuant to *Turner/Finley*. On January 4, 2019, the PCRA court held a hearing on Appellant's PCRA petition. The same day, the PCRA court issued orders denying Appellant's PCRA petition as untimely and granting counsel's motion to withdraw.

On January 31, 2019, the PCRA court appointed PCRA Appellate Counsel to represent Appellant for this appeal. The same day, Appellant filed a notice of appeal from the order denying his PCRA petition as untimely. Both the PCRA court and Appellant have complied with Pa.R.A.P. 1925.

On June 3, 2019 PCRA Appellate Counsel filed a petition to withdraw with this Court, attaching a *Turner/Finley* no-merit brief, with notice to Appellant that he had the right to proceed *pro se* or retain private counsel.

Accordingly, we must determine if PCRA Counsel has satisfied the requirements to be permitted to withdraw from further representation.

Pursuant to **Turner/Finley**, an "[i]ndependent review of the record by competent counsel is required before withdrawal [on collateral review] is permitted." **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). In **Pitts**, our Supreme Court explained that independent review requires proof of:

1. A "no merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2. The "no merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3. The PC[R]A counsel's "explanation", in the "no merit" letter, of why the petitioner's issues were meritless;

4. The PC[R]A court conducting its own independent review of the record; and

5. The PC[R]A court agreeing with counsel that the petition was meritless.

**Id.** (citation and brackets omitted).

Additionally:

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

If counsel fails to satisfy the foregoing technical prerequisites of **Turner/Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner/Finley** request or an advocate's brief.

> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of **Turner**/**Finley**, the [court] must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

Here, PCRA Appellate Counsel filed a no-merit brief and petition to withdraw that state the nature and extent of his review of the case; he listed the issues for which Appellant sought review, explained why and how Appellant's claims lack merit, and requested permission to withdraw. **See Turner**/**Finley** Brief, 6/3/19; Petition to Withdraw as Counsel, 6/3/19. PCRA Appellate Counsel also sent Appellant a copy of the no-merit brief, a copy of the petition to withdraw, and a statement advising Appellant of the right to proceed *pro se* or by privately retained counsel. Thus, the record reflects that PCRA Counsel submitted a petition to withdraw and no-merit brief that satisfy the technical demands of **Turner**/**Finley**. We now turn to our review of Appellant's claims to ascertain whether he is entitled to relief.

Prior to determining the merits of Appellant's appeal, we must determine whether we have jurisdiction to decide his claims. "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." **Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003)).

- 4 -

A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[1] If a petition is untimely, and the petitioner has not pled and proven any exception, "'neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006)).

---

[1] We note that Act 146 of 2018 amended 42 Pa.C.S.A. §9545(b)(2), effective December 24, 2018, and now provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. This amendment has no effect on our disposition.

- 5 -

In this case, the trial court sentenced Appellant on May 9, 2014. This Court affirmed Appellant's judgment of sentence on September 8, 2015. *See Johnson*, 1334 MDA 2014. Appellant had 30 days from the date of the Superior Court's order, or October 8, 2015, to file a petition for allowance of appeal with the Supreme Court. *See* Pa.R.A.P. 1113(a) ("Except as otherwise prescribed by this rule, a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court . . . sought to be reviewed."). Appellant, however, did not file a petition for allowance of appeal until April 11, 2017, well after the 30-day period for filing a petition for allowance of appeal. Thus, notwithstanding his untimely filed "Petition For Leave To File Petition For Allowance Of Appeal Nunc Pro Tunc[,]" Appellant's judgment of sentence became final on October 8, 2015. *See* 42 Pa.C.S.A. § 9545(b)(3) (stating that a judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, **or at the expiration of time for seeking the review**"). As explained above, Appellant had one year – until Monday, October 10, 2016[2] – to file a timely PCRA petition. Accordingly, Appellant's PCRA petition, which he filed on September 17, 2018, is untimely,

---

[2] October 8, 2016 was a Saturday. *See* 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, . . . such day shall be omitted from the computation.").

and we lack jurisdiction to decide Appellant's appeal unless he pled and proved one of the three timeliness exceptions of section 9545(b)(1). *See Derrickson*, 923 A.2d at 468.

Appellant did not attempt to plead or prove any of the timeliness exceptions of Section 9545(b)(1) in his PCRA petition. *See* PCRA Petition, 9/17/18. As Appellant has failed to plead and prove an exception under section 9545(b)(1), we are without jurisdiction to address the merits of his appeal. *See id.*

For these reasons, we agree with the PCRA court and PCRA Appellate Counsel that there are no meritorious issues that Appellant could pursue on collateral review, and affirm the order dismissing his PCRA petition.

Order affirmed. Petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2019